# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: <br><br> JASON CARL DYSON, <br><br> DEBTORS. | Chapter 13 Case No.: 17-04820 HAC |
| JASON CARL DYSON, <br><br> PLAINTIFF, <br><br> VS. <br><br> NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING, <br><br> DEFENDANT. | Adversary Case No.:_____ |

## COMPLAINT

**COME NOW** the Debtor/Plaintiff Jason Carl Dyson and as his Complaint against Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), aver as follows:

## PRELIMINARY STATEMENT

This action arises from the wrongful management of Plaintiff's home mortgage loan by Defendant Shellpoint. Specifically, Shellpoint has collected inflated amounts for escrow and failed to refund the surplus of escrow funds. Plaintiff has notified Shellpoint of its error by sending a Notice of Servicing Error ("NOE") pursuant to the Real Estate Settlement and Procedures Act ("RESPA"). RESPA allows a borrower to notify his mortgage servicer of a servicing error and requires the servicer to conduct a reasonable investigation, make all appropriate corrections and provide a detailed written explanation of its findings to the borrower. Shellpoint failed to respond

to Plaintiff's NOE and has failed to make the necessary corrections. These errors include mismanagement of the escrow accounts and failure to refund surplus escrow funds.

Shellpoint's act and omissions violate the Real Estate Settlement and Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA").

Plaintiff asserts claim under RESPA for actual and statutory damages, as well as attorney fees and costs.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 157(b). This is an action to recover money within the meaning of Bankruptcy Rule 7001(1).

2. Venue is proper here because the events giving rise to Plaintiff's cause of action occurred in this District.

## PARTIES

3. The Plaintiff Jason Dyson is a natural person and resident of Mobile County, Alabama. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing, LLC ("Shellpoint") is a corporation formed outside the State of Alabama, with its principal place of business in Pennsylvania.

5. Defendant is a "servicer" with respect to Plaintiff's loan as that term is defined in 12 U.S.C. § 2605(i)(2).

2

## FACTS

**Jason Dyson and his Mortgage Loan**

6. Jason Dyson is an adult resident of Mobile County. He lives at 10650 Gulfcrest Road in Chunchula, Alabama. This has been Dyson's home for approximately thirteen (13) years. On December 14, 2007, Plaintiff entered into a loan agreement with Defendant in the amount of $110,000.00. The loan was secured by a mortgage on Plaintiff's home. The loan has a 30-year term at a fixed annual interest rate of 5.625%, with monthly principal and interest payments of $633.22.

**Mr. Dyson's Bankruptcy**

7. Mr. Dyson filed a Chapter 13 Bankruptcy in the Southern District of Alabama in February 2017. A claim for mortgage arrearage was filed in the bankruptcy and payment of that arrearage was included in Mr. Dyson's bankruptcy plan. Mr. Dyson has also been making regular monthly mortgage payments during his bankruptcy.

**Mr. Dyson's NOE and Commonwealth's Failure to Respond and Refusal to Correct the Problem**

8. During the bankruptcy, issues arose regarding Shellpoint's mismanagement of Mr. Dyson's escrow account. It appeared that Shellpoint collected inflated amounts for escrow and then failed to refund the surplus of escrow funds. Mr. Dyson was unable to obtain any explanation for the surplus and what happened to the surplus funds.

3

9.      Plaintiff addressed these errors by letter dated August 12, 2020, to Defendant directed to the address designated by Defendant for Notices of Servicing Error ("NOE") allowed under RESPA Section 2605(e).  In his letter, Mr. Dyson stated his belief that Shellpoint had committed errors in servicing his loan.  Specifically, the letter stated that Shellpoint wrongfully held escrow surplus for substantial amount of time and the fact he was receiving notices showing his loan balance increasing even though he was making payments.  He further noticed Shellpoint that he believed they were over collecting escrow funds and that they should be returned to him.  Here is the text of that letter:

Jason Dyson<br>
10650 Gulfcrest Road<br>
Chunchula, Alabama 36521<br>
<br>
August 12, 2020

*Via First-Class Certified Mail – Return Receipt Requested*
Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603-0826

| | |
|---|---|
| **RE:** | **Qualified Written Request and Notice of Servicing Error** |
| **Borrower:** | **Jason Carl Dyson** |
| **Property Address:** | **10650 Gulfcrest Road, Chunchula, AL 36521** |
| **Loan Number:** | **0579635275** |

Dear Sir or Madam

    I am writing you because I believe you have made mistakes in processing my mortgage loan payments (loan number 0579635275). I have written the previous servicers about this, but as far as I can tell nothing has been done.  To-date, I have not received any explanation or credit from them.  I believe the main problem has to do with my escrow account.  Prior companies were consistently over collecting for escrow and at one point there was a surplus of over $5000.  I wrote the previous servicers to get an explanation of why the escrow balance was so high and asking that the surplus be refunded to me.  I am attaching those letters.  I never received a valid explanation or refund from either of the servicers.

4

Case 17-04820    Doc 65    Filed 12/18/20    Entered 12/18/20 12:28:37    Desc Main
Document      Page 4 of 8

Since you have taken over the loan, the surplus that previously existed is no longer listed in your statements. However, I have not received a refund, nor have I been notified of any credit being placed on my account. The surplus was significantly more than my insurance or tax obligations. Please provide me an explanation as to the transactions occurring in my escrow account and an explanation of what happened to the surplus.
.

I look forward to hearing back from you.

Sincerely,

Jason Dyson

10. Plaintiff's August 12, 2020, letter constitutes a Notice of Servicing Error ("NOE"), pursuant to 12 U.S.C. § 2505(e) and 12 C.F.R. 1024.35. The letter properly identified his loan, the borrower, and property address; and it was sent to Shellpoint's correct address.

11. Because Plaintiff's letter is an NOE as defined in RESPA, Shellpoint was obligated to reasonably investigate the alleged error, make all necessary corrections, and provide a detailed written response to the notice. That did not happen. In fact, Shellpoint provided no response at all to the NOE.

12. Shellpoint has failed to provide any response to Plaintiff's NOE as required by RESPA and its implementing regulations. Shellpoint provided no written response, much less any explanation that meets the requirements of RESPA and its implementing regulations. Shellpoint also failed to conduct any reasonable investigation and failed to make appropriate corrections to the account. Shellpoint has also, upon information and belief, failed to suspend negative credit reporting as required by RESPA.

5

13. Plaintiff has suffered damages as a result of Shellpoint's RESPA violation, including the loss of funds which Shellpoint, had it made the necessary corrections, should have applied to the loan or refunded to him, as well as the deprivation of the information and explanation which Shellpoint was required to provide in response to his NOE. The harm suffered by the Plaintiff as a result of Defendant's RESPA violation and mismanagement of the mortgage account bears a close relationship with the types of harm for which the law has traditionally allowed redress under common law claims for breach of mortgage, accounting, fraudulent suppression, conversion, wanton collections, negligence and willfulness.

## COUNT I
### (VIOLATION OF RESPA)

14. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

15. Section 6(d) of the Real Estate Settlement Procedures Act ("RESPA."), 12 U.S.C. § 2605(e), and its implementing regulations grant borrowers the right to submit a "Notice of Servicing Error" ("NOE"), identifying perceived errors committed by the servicer. 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.35.

16. RESPA requires specific actions be taken by the servicer upon receipt of an NOE, including, a reasonable investigation of the error. The servicer is also required to make all "appropriate corrections" to the account which a reasonable investigation would reveal. This would include the correction of all servicing errors, even those not described in the NOE. The servicer is also required to provide a written response explaining in detail its findings and

6

describing any corrections made. If the servicer finds that no error occurred, it must, in its written response fully explain the basis of that finding. 12 C.F.R. § 1024.35. Shellpoint failed to respond in any way Plaintiff's NOE and has failed to make any correction.

17. Plaintiff's mortgage loan is a "federally related mortgage loan" within the meaning of 12 U.S.C. § 2602(1).

18. Defendant is a "servicer" with respect to Plaintiff's loan as that term is defined in 12 U.S.C. § 2605(i)(2).

19. Plaintiff's August 12, 2020 letter constitutes an NOE within the meaning of 12 U.S.C. § 2605(e). Shellpoint was required to reasonably investigate the errors identified in the letter, make all appropriate corrections, and provide the information and documents requested. Shellpoint was also required to provide a detailed written response and suspend any derogatory credit reporting for sixty (60) days after receipt of the NOE.

20. Shellpoint has failed to properly respond to the Plaintiff's NOE.

21. Shellpoint failed to correct the errors identified in that letter.

22. Plaintiff has suffered actual damages as a proximate result of Defendant's failure to comply with RESPA.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for each violation of RESPA, awarding the following relief:

a. Statutory and actual damages as provided in 12 U.S.C. § 2605(f);

b. Reasonable attorney's fees, and costs expended in this proceeding; and

c. Such other and further relief as the Court may deem just and proper.

Respectfully submitted on this the 18th day of December, 2020.

_____
KENNETH J. RIEMER (RIEMK8712)
Attorney for Debtor/Plaintiff
2153 Airport Boulevard
Mobile, AL 36606
Telephone: (251) 432-9212
E-mail: kriemer@alalaw.com

JAMES D. PATTERSON (PATTJ6485)
Attorney for Debtor/Plaintiff
2153 Airport Boulevard
Mobile, Alabama 36606
Telephone: (251) 432-9212
Email: jpatterson@alalaw.com

**DEFENDANT ARE TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

NewRez, LLC d/b/a/ Shellpoint Mortgage Servicing
c/o Corporation Servicing Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104